IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Susan Beisler )<br>F/k/a Susan Beisler Vanderbilt )<br>34 Osborne Ct )<br>Mahwah, NJ 07430 )<br>  )<br>      Plaintiff, )<br>  )<br>    v. )<br>  )<br>WELLS FARGO BANK NATIONAL )<br>ASSOCIATION )<br>550 S. 4th Street )<br>Minneapolis, MN 55415 )<br>  )<br>  **Serve also:** )<br>WELLS FARGO BANK NATIONAL )<br>ASSOCIATION )<br>C/O CORPORATION SERVICE )<br>COMPANY )<br>2626 Glenwood Avenue, Suite 550 )<br>Raleigh, NC 27608 )<br>  )<br>And )<br>  )<br>WELLS FARGO BANK NATIONAL )<br>ASSOCIATION )<br>101 N. Phillips Avenue )<br>Sioux Falls, SD 57104 )<br>  )<br>  )<br>      Defendant. ) | **COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Susan Beisler Vanderbilt, by and through undersigned counsel, as her

Complaint against Defendant, states and avers the following:

## PARTIES

1. Beisler Vanderbilt was at all relevant times herein a resident of the city of Davidson, county of Mecklenburg, state of North Carolina.

2. Wells Fargo is a foreign corporation that operates a place of business located at 300 S Brevard St, Charlotte, NC 28202.

3. Wells Fargo Bank NA was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. 126 § 12101 *et seq.*; 29 U.S.C § 2601, *et seq*.

4. Wells Fargo Bank NA was at all times hereinafter mentioned, a "person" within the meaning of 29 USC § 203(a) AND/OR an "employer" within the meaning of 29 USC § 2611(4)(A).

## **JURISDICTION & VENUE**

5. Wells Fargo hires citizens of the state of North Carolina, contracts with companies in North Carolina, and owns or rents property in North Carolina. As such, the exercise of personal jurisdiction over Wells Fargo comports with due process.

6. This cause of action arose from or relates to the contracts of Wells Fargo with North Carolina residents, thereby conferring specific jurisdiction over Wells Fargo.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1341 inasmuch the matters in controversy are brought pursuant to Americans with Disabilities Act ("ADA"), 42 U.S.C. 126 § 12101 *et seq.*, and Family and Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq*.

8. Venue is proper in this District because the wrongs herein alleged occurred in this District.

9. Within 180 days of the conduct alleged below, Beisler Vanderbilt filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 430-2023-00178 against Wells Fargo operating at 550 S. 4th Street, Minneapolis, MN 55415.

10. On or about July, 25, 2024 the EEOC issued and mailed a Notice of Right to Sue letter to Beisler Vanderbilt regarding the Charges of Discrimination brought by Beisler Vanderbilt against Wells Fargo in EEOC Agency Charge No. 430-2023-00178.

11. Beisler Vanderbilt received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

12. Beisler Vanderbilt has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Beisler Vanderbilt has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. Beisler Vanderbilt is a former employee of Wells Fargo.

15. Wells Fargo hired Beisler Vanderbuilt on or about May 4, 2021.

16. Wells Fargo employed Beisler Vanderbilt as a Corporate Paralegal.

17. Beisler Vanderbuilt worked as a Corporate Paralegal remotely.

18. Beisler Vanderbuilt worked out of Wells Fargo's Charlotte, North Carolina offices.

19. Beisler Vanderbuilt reported directly to Thomas Holum.

20. Holum was Wells Fargo's corporate Managing Counsel.

21. Starting in late autumn of 2021, Ms. Beisler Vanderbilt experienced a range of symptoms, including: difficulties breathing, skin infections, gastrointestinal distress, and fatigue. ("Beisler Vanderbuilt's Disability")

22. Beisler Vanderbilt's Disability substantially limits Beisler Vanderbilt's major life functions, including walking, standing, lifting, bending, sleeping, thinking, concentrating, digestive functions, bowel functions and working.

23. Beisler Vanderbilt is disabled within the meaning of the ADA.

24. In the alternative, Wells Fargo perceived Beisler Vanderbilt as being disabled.

25. Despite this actual or perceived disabling condition, Beisler Vanderbilt was still able to perform the essential functions of her job.

26. Concurrently with the onset of Beisler Vanderbilt's symptoms, Wells Fargo Bank announced its plans for employees to return to in-office work from the COVID-19 Pandemic.

27. While working remotely, Beisler Vanderbilt was able to care for her daughter.

28. Beisler Vanderbilt's daughter was experiencing the same symptoms as Beisler Vanderbilt.

29. Beisler Vanderbilt's daughter was undergoing evaluations and treatment for her symptoms

30. Despite her ongoing illness, Beisler Vanderbilt did not fall behind on her work product.

31. Beisler Vanderbilt did not receive any write-ups or corrective actions based on her performance at work.

32. In late autumn of 2022, Beisler Vanderbilt informally asked Holum to remain a remote worker as the office transitioned back to an in-person model.

33. Beisler Vanderbilt's informal request disclosed her condition and her daughter's condition.

34. Beisler Vanderbilt's informal request was the disclosure of a qualifying condition under the FMLA.

35. Beisler Vanderbilt put Defendant on notice of an accommodation request ("Beisler Vanderbilt's First Request for Accommodations").

36. Beisler Vanderbilt's First Request for Accommodations was reasonable.

37. Beisler Vanderbilt's First Request for Accommodations did not cause an undue hardship on Defendant.

38. Defendant did not determine if Beisler Vanderbilt's First Request for Accommodations would cause an undue hardship.

39. Upon information and belief, Defendant have no contemporaneously created documents reflecting any effort to determine if Beisler Vanderbilt's First Request for Accommodations would cause an undue hardship.

40. After Beisler Vanderbilt's First Request for Accommodations, no one at Wells Fargo engaged in an interactive process to find a reasonable accommodation for Beisler Vanderbilt's disability.

41. Holum denied Beisler Vanderbilt's informal request.

42. On or about January 7, 2022, Beisler Vanderbilt received the first of what would be many diagnoses regarding her ailments.

43. Beisler Vanderbilt received her diagnoses from Dr. Alencar of Atrium Health.

44. Dr. Alencar diagnosed Beisler Vanderbilt with tinea corporis in a lesion on Beisler Vanderbilt's right wrist.

45. Dr. Alencar diagnosed Beisler Vanderbilt with seborrheic dermatitis of the scalp, causing severe eczema.

46. Dr. Alencar diagnosed Beisler Vanderbilt with unspecified abdominal pain, resulting in intermittent diarrhea and constipation, along with some bloody stool.

47. Dr. Alencar diagnosed Beisler Vanderbilt with eosinophilia, a condition where a high-level of white blood cells occur in the blood and causes symptoms similar to Pneumonia and Bronchitis.

48. Dr. Alencar, however, was unable to determine the ultimate cause of Ms. Beisler Vanderbilt's illness and referred her to an infectious disease specialist.

49. On or about February 15, 2022, Ms. Beisler Vanderbilt formally requested an accommodation to continue working remotely. ("Beisler Vanderbilt's Second Request for Accommodations").

50. Beisler Vanderbilt's Second Request for Accommodations was reasonable.

51. Beisler Vanderbilt's Second Request for Accommodations did not cause an undue hardship on Defendant.

52. Defendant did not determine if Beisler Vanderbilt's Second Request for Accommodations would cause an undue hardship.

53. Upon information and belief, Defendant have no contemporaneously created documents reflecting any effort to determine if Beisler Vanderbilt's Second Request for Accommodations would cause an undue hardship.

54. After Beisler Vanderbilt's Second Request for Accommodations, no one at Wells Fargo engaged in an interactive process to find a reasonable accommodation for Beisler Vanderbilt's disability.

55. Holum, denied Beisler Vanderbilt's Second Request for Accommodations.

56. After Beisler Vanderbilt's Second Request for Accommodations, in or around the February 2022, Beisler Vanderbilt's co-workers, Julianne Johnson, and Melissa Dickhaut began to submit fictitious work-orders to Beisler Vanderbilt.

57. On or about February 15, 2022 Wells Fargo sent an official notification that all employees should return to the office in one month, on or about March 15, 2022.

58. As a result of Wells Fargo's official notification, Beisler Vanderbilt and Holum had a discussion with Wells Fargo Human Resources regarding her options.

59. Human Resources told her that should could either file for a medical leave, take an unpaid leave of absence, or resign.

60. Ms. Beisler Vanderbilt was informed that a third party servicer, Lincoln Financial Group, was in charge of employee leave requests.

61. Ms. Beisler Vanderbilt submitted a leave request through Lincoln Financial in or around March of 2022.

62. On or about March 9, 2022, Lincoln Financial determined that Ms. Beisler Vanderbilt qualified for leave.

63. Lincon Financial determined that Beisler Vanderbilt was eligible for leave, beginning on March 19, 2022.

64. While Beisler Vanderbilt was on medical leave, she continued to see medical practitioners in an attempt to ascertain the underlying reason for her ongoing symptoms.

65. In or around April, 2022, Beisler Vanderbilt reached out to Holum about an open telework position in Wells Fargo's New York office. ("Beisler Vanderbilt's Third Request for Accommodation").

66. Holum did not respond to Beisler Vanderbilt about Beisler Vanderbilt's Third Request for Accommodation.

67. Beisler Vanderbilt's Third Request for Accommodations was reasonable.

68. Beisler Vanderbilt's Third Request for Accommodations did not cause an undue hardship on Defendant.

69. Defendant did not determine if Beisler Vanderbilt's Third Request for Accommodations would cause an undue hardship.

70. Upon information and belief, Defendant have no contemporaneously created documents reflecting any effort to determine if Beisler Vanderbilt's Third Request for Accommodations would cause an undue hardship.

71. After Beisler Vanderbilt's Third Request for Accommodations, no one at Wells Fargo engaged in an interactive process to find a reasonable accommodation for Beisler Vanderbilt's disability.

72. On or about May 1, 2022, Beisler Vanderbilt received treatment from a new physician.

73. Beisler Vanderbilt's new physician diagnosed her with an unspecified parasitic infection as the underlying cause of Besler-Vanderbilt's Disability.

74. Beisler Vanderbilt's new doctor proscribed her Praziquantel, an anti-parasitic.

75. Despite taking the Praziquantel, the treatment did not resolve Ms. Beisler Vanderbilt's symptoms.

76. On or about May 4, 2022, Beisler Vanderbilt suffered from a condition that qualified her for FMLA leave.

77. Wells Fargo was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C §2611(4).

78. At all times relevant herein, Beisler Vanderbilt was employed by Wells Fargo for at least 12 months and had at least 1,250 hours of service with Wells Fargo and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

79. During all relevant times hereafter, Beisler Vanderbilt qualified for FMLA leave.

80. Beisler Vanderbilt placed Wells Fargo on notice of the need for medical leave.

81. On or about May 10, 2022, Holum texted Beisler Vanderbilt "Hello! How are things going? The system still has you formally on leave, so there must be some other reason. Who knows! Anyway, just checking in."

82. Holum was referring to Beisler Vanderbilt being on approved leave.

83. Upon information and belief, Beisler Vanderbilt was on approved leave in Wells Fargo's system at the time of Holum's text.

84. On or about June 10, 2022, Beisler Vanderbilt received an email from Bri Golden.

85. Golden is an Employee Relations Consultant from Wells Fargo Leave of Absence Operations.

86. The June 10 email informed Beisler Vanderbilt that her leave had purportedly lapsed.

87. The June 10 email informed Beisler Vanderbilt that she needed to submit additional information to Lincoln Financial by June 17, 2022 or face termination.

88. Beisler Vanderbilt submitted the requested form on or about June 22, 2022, showing that she was still experiencing symptoms and undergoing care. ("Beisler Vanderbilt's Fourth Request for Accommodation").

89. Upon information and belief, Holum was informed about Beisler Vanderbilt's Fourth Request for Accommodation.

90. Beisler Vanderbilt's Fourth Request for Accommodations was reasonable.

91. Beisler Vanderbilt's Fourth Request for Accommodations did not cause an undue hardship on Defendant.

92. Defendant did not determine if Beisler Vanderbilt's Fourth Request for Accommodations would cause an undue hardship.

93. Upon information and belief, Defendant have no contemporaneously created documents reflecting any effort to determine if Beisler Vanderbilt's Fourth Request for Accommodations would cause an undue hardship.

94. After Beisler Vanderbilt's Fourth Request for Accommodations, no one at Wells Fargo engaged in an interactive process to find a reasonable accommodation for Beisler Vanderbilt's disability.

95. Beisler Vanderbilt's Fourth Request for Accommodation was also a request for leave under the FMLA.

96. Beisler Vanderbilt did not receive any further communication from Lincoln Financial after submitting the requested paperwork for Beisler Vanderbilt's Fourth Request for Accommodation.

97. On or about June 29, 2022 Dr. Tanzila Salim, an infectious disease specialist, took over Ms. Beisler Vanderbilt's care.

98. As of June 29, 2022, Beisler Vanderbilt was still experiencing all of her previous symptoms as well as chronic fevers.

99. On or about June 29, 2022, Wells Fargo mailed Beisler Vanderbilt a letter informing her that she had been on unapproved leave since April 2022 and that her employment with Wells Fargo would be terminated on or about July 6, 2022.

100. On or about July 7, 2023, Dr. Dennis Bernardo diagnosed Beisler Vanderbilt with Cryptococcosis, a fungal infection which commonly causes issues with breathing and fevers.

101. Beisler Vanderbilt is currently still undergoing treatment for Beisler Vanderbilt's Disability.

102. At no point did anyone from Lincoln Financial or Wells Fargo partake in any discussions of accommodations available to Ms. Beisler Vanderbilt.

103. The only accommodation Ms. Beisler Vanderbilt requested, the ability to remain remote, was denied without consideration.

104. Wells Fargo's purported reason for Beisler Vanderbilt's termination is pretext for disability discrimination.

105. Wells Fargo's purported reason for Beisler Vanderbilt's termination is pretext for retaliation for Beisler Vanderbilt's First Request for Accommodation.

106. Wells Fargo's purported reason for Beisler Vanderbilt's termination is pretext for retaliation for Beisler Vanderbilt's Second Request for Accommodation.

107. Wells Fargo's purported reason for Beisler Vanderbilt's termination is pretext for retaliation for Beisler Vanderbilt's Third Request for Accommodation.

108. Wells Fargo's purported reason for Beisler Vanderbilt's termination is pretext for retaliation for Beisler Vanderbilt's Fourth Request for Accommodation.

109. Wells Fargo's purported reason for Beisler Vanderbilt's termination is pretext for FMLA Retaliation.

110. Defendant' did not proffer a legitimate non-discriminatory reason for terminating Beisler Vanderbilt.

111. Upon information and belief, Beisler Vanderbilt's termination of employment, Defendant hired or retained an individual outside of Beisler Vanderbilt's protected class to replace Beisler Vanderbilt.

112. As a result of Defendant's conduct, Beisler Vanderbilt suffered, and will continue to suffer damages.

### COUNT I: DISABILITY DISCRIMINATION - FAILURE TO ACCOMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT

113. Beisler Vanderbilt informed Wells Fargo of her disabling condition.

114. Beisler Vanderbilt requested accommodations from Wells Fargo to assist with her disabilities including moving to a different location and/or working remotely.

115. Beisler Vanderbilt's requested accommodations were reasonable.

116. There was an accommodation available that would have been effective and would have not posed an undue hardship to Wells Fargo.

117. Wells Fargo failed to engage in the interactive process of determining whether Beisler Vanderbilt needed an accommodation.

118. Wells Fargo failed to provide a reasonable accommodation.

119. Wells Fargo violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 *et seq*.

120. As a direct and proximate result of Wells Fargo's conduct, Beisler Vanderbilt suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: <u>DISABILITY DISCRIMINATION</u>

121. Beisler Vanderbilt restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. Beisler Vanderbilt suffers from a disability.

123. Beisler Vanderbilt is disabled.

124. In the alternative, Wells Fargo perceived Beisler Vanderbilt as being disabled.

125. Beisler Vanderbilt's condition constituted a physical impairment.

126. Beisler Vanderbilt's condition substantially impaired one or more of her major life activities including working.

127. Wells Fargo perceived Beisler Vanderbilt's condition to substantially impair one or more of her major life activities including working.

128. Wells Fargo treated Beisler Vanderbilt differently than other similarly-situated employees based on her perceived disabling condition.

129. On or about July 6, 2022, Defendant terminated Beisler Vanderbilt's employment without just cause.

130. Defendant terminated Beisler Vanderbilt's employment based her disability.

131. Defendant terminated Beisler Vanderbilt's employment based her perceived disability.

132. As a direct and proximate result of Defendant's conduct, Beisler Vanderbilt suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT III: <u>RETALIATION IN VIOLATION OF THE ADA</u>

133. Beisler Vanderbilt restates each and every paragraph of this Complaint as if it were fully restated herein.

134. Pursuant to 42 U.S.C. § 12203, "No person shall discriminate against any individual because such individual opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

135. Beisler Vanderbilt attempted to participate in the interactive process afforded to her by the ADA.

136. Beisler Vanderbilt's First Request for Accommodation constituted a request for reasonable accommodation.

137. Beisler Vanderbilt's Second Request for Accommodation constituted a request for reasonable accommodation.

138. Beisler Vanderbilt's Third Request for Accommodation constituted a request for reasonable accommodation.

139. Beisler Vanderbilt's Fourth Request for Accommodation constituted a request for reasonable accommodation.

140. A request for reasonable accommodation is a protected activity under the ADA.

141. Subsequent to Beisler Vanderbilt's requests for accommodation, Wells Fargo terminated her employment.

142. Well's Fargo's actions were retaliatory in nature based on Beisler Vanderbilt's leave requests.

143. As a result of Wells Fargo's discrimination in violation of the ADA, Beisler Vanderbilt has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Beisler Vanderbilt to injunctive and equitable monetary relief.

144. Beisler Vanderbilt has suffered severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

145. In their discriminatory action as alleged above, Wells Fargo acted with malice and reckless indifference to the rights of Beisler Vanderbilt, thereby entitling Beisler Vanderbilt to an award of punitive damages.

146. To remedy the violations of the rights of Beisler Vanderbilt secured by the ADA, Beisler Vanderbilt requests that the Court award her the relief demanded below.

### COUNT IV: RETALIATION IN VIOLATION OF THE FMLA

147. Beisler Vanderbilt restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

148. During her employment, Beisler Vanderbilt made a request to utilize FMLA leave.

149. After Beisler Vanderbilt requested to use her qualified FMLA leave, Defendant retaliated against her.

150. Defendant retaliated against Beisler Vanderbilt by terminating her employment.

151. Defendant willfully retaliated against Beisler Vanderbilt in violation of U.S.C. § 2615(a).

152. As a direct and proximate result of Defendant' wrongful conduct, Beisler Vanderbilt is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Susan Beisler Vanderbilt demands from Defendant the following:

(a) Issue an order requiring Wells Fargo to expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Beisler Vanderbilt for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Beisler Vanderbilt's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Evan Gungor*
Evan Gungor (60902)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
5540 Centerview Drive
Suite 200B
Raleigh, NC 27606
Phone: (980) 332-4688
Fax:    (216) 291-5744
Email: evan.gungor@spitzlawfirm.com

*Attorneys For Plaintiff*
*Susan Beisler Vanderbilt*

## JURY DEMAND

Plaintiff Susan Beisler Vanderbilt demands a trial by jury by the maximum number of jurors permitted.

/s/ *Evan Gungor*
Evan Gungor (60902)
